IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



PRESTON CORNELIUS EVERETT,

    Petitioner,

v.                                             Civil Action No. **3:18CV475**

J. RAY ORMOND,

    Respondent.

## MEMORANDUM OPINION

Preston Cornelius Everett, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The Government filed a Motion to Dismiss. (ECF No. 8.) For the reasons set forth below, the Government's Motion to Dismiss will be GRANTED and the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

### I.     Procedural History

On March 31, 2005, following a jury trial, "Everett was found guilty of conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 [(Count One)], and possession of a firearm in furtherance of drug trafficking,

---

[1] The statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

in violation of 18 U.S.C. § 924(c)(1) [(Count Two)]" in the Alexandria Division of this Court ("Sentencing Court"). *United States v. Everett*, Nos. 1:05CR19, 1:07Cv120, 2007 WL 517497, at *1 (E.D. Va. Feb. 12, 2007). "Before Everett's trial, the government had timely filed an Information pursuant to 21 U.S.C. § 851 that established that Everett had previously been convicted of Possession of a Controlled Drug (F) under Virginia Code § 18.2–250,"[2] and "[t]hat offense was a class 5 felony in Virginia, carrying a maximum penalty of ten years' imprisonment." *Id.* at *2. Everett was sentenced to "the mandatory minimum sentence of twenty years, based on his prior Virginia drug felony under 21 U.S.C.A. § 841(b)(1)(A) (West 2000 & Supp. 2005) for Count [One] and to sixty months consecutively on Count [Two]." *United States v. Everett*, 164 F. App'x 392, 393 (4th Cir. 2006).

Everett appealed, alleging that "his 240-month sentence for Count [One] violated: (1) the Sixth Amendment under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and (2) his due process rights." *Id.* The United States Court of Appeals for the Fourth Circuit affirmed Everett's sentence. *Id.*

Thereafter, Everett filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") in the Sentencing Court, "in which he [sought] to have his conviction and sentence set aside due to ineffective assistance of trial and appellate counsel, defects in the indictment, and his actual innocence." *Everett*, 2007 WL 517497, at *1. On February 12, 2007, the Sentencing Court dismissed Everett's § 2255 Motion, concluding that his claims lacked merit. *Id.* at *1–4. Everett appealed, and the Fourth Circuit dismissed the appeal. *United States v. Everett*, 235 F. App'x 95, 96 (4th Cir. 2007). Subsequently, Everett filed "a number of collateral motions in an effort to have his sentence reduced, none of which were successful," including a recent motion to reduce his

---

[2] Specifically, Everett's prior Virginia felony drug conviction was "for possession of cocaine." *United States v. Everett*, 164 F. App'x 392, 393 (4th Cir. 2006).

2

sentence pursuant to the First Step Act of 2018. Order 1 & n.2, *United States v. Everett*, No. 1:05CR19 (E.D. Va. July 2, 2019), ECF No. 259 (summarizing the collateral motions filed by Everett in his federal criminal case).

In his § 2241 Petition, Everett challenges his sentence and argues that his § 851 enhancement is no longer valid after *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), because his prior Virginia drug conviction does not qualify as a "felony drug offense." (*See* Mem. Supp. § 2241 Pet. 5, 10, ECF No. 3.) Specifically, Everett raises the following claim for relief:[3]

> Claim One: "Because Everett demonstrably meets and satisfies all four [4] enumerated requirements of § 2255(e)'s savings clause, the instant [§ 2241] Petition should be accepted and Everett allowed to challenge the legality of the Sentencing Court's use of a prior Virginia state conviction to enhance his sentence to a mandatory minimum of 20 years." (Mem. Supp. § 2241 Pet. 5 (first alteration in original).)

As discussed below, Everett fails to demonstrate that he may use § 2241 to obtain relief.

## II. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] "For example,

---

[3] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Everett's submissions.

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 138 S. Ct. 1318 (2019).[5]

---

[5] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to challenge his sentence:
> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

4

### III. Analysis of Everett's 28 U.S.C. § 2241 Petition

In Everett's § 2241 Petition, he challenges the legality of his sentence. Everett fails to satisfy the second or fourth prongs of *Wheeler*. Specifically, Everett fails to demonstrate that the applicable "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018.) Everett argues that *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), entitles him to relief on his sentence because his prior Virginia drug offense "can no longer legally serve as a § 851 predicate for enhancement purposes." (Mem. Supp. § 2241 Pet. 10.) Everett is incorrect. As explained below, after *Simmons*, Everett's prior Virginia felony drug conviction continues to qualify as a predicate felony for his § 851 sentencing enhancement.

In *Simmons*, the Fourth Circuit addressed the method for determining whether a prior conviction is considered a "felony" conviction punishable by a term of more than one year. *Simmons*, 649 F.3d at 243–35. The Fourth Circuit held that courts "must examine the sentence the defendant could have *actually* received when determining whether a state conviction can serve as a predicate felony for federal sentencing enhancement." *United States v. Copeland*, 707 F.3d 522, 526 (4th Cir. 2013) (citing *Simmons*, 649 F.3d at 249–50). "That is, if a particular defendant could not have received a sentence in excess of twelve months for his [state] conviction, the government cannot use it as a predicate for federal sentencing enhancement purposes." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Simmons*, 649 F.3d at 239–40, 249). With respect to the specific statutory scheme addressed by the Fourth Circuit in *Simmons*, the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum

5

sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

*United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012) (citing *Simmons*, 649 F.3d at 241).

Here, Everett's prior conviction for possession of cocaine qualified as a Class 5 felony pursuant to Virginia Code Ann. § 18.2–520, and he could have been sentenced to "a term of imprisonment of not less than one year nor more than 10 years." Va. Code Ann. § 18.2–10; *cf. United States v. Thompson*, No. 3:08CR339, 2014 WL 3895556, at *8 (E.D. Va. Aug. 8, 2014) (dismissing the petitioner's claim in a § 2255 motion that, in light of *Simmons*, "his conviction for possession of cocaine [under Va. Code Ann. § 18.2–520] fail[ed] to qualify for a predicate felony for purposes of enhancing his sentence [pursuant to § 851]" because his conviction constituted a Class 5 felony and "he could have been sentenced to 'a term of imprisonment of not less than one year nor more than ten years'" (citation omitted)); *Latson v. O'Brien*, No. 3:13–CV–28, 2013 WL 4400110, at *7 (N.D. W. Va. Aug. 15, 2013) (concluding that after *Simmons*, petitioner's conviction under Va. Code Ann. § 18.2–520 for possession of cocaine continued to qualify as a predicate felony for enhancing his sentence, and "[t]he fact that the Petitioner actually received a suspended sentence . . . makes no difference").[6]

Accordingly, because Everett fails to demonstrate that the applicable "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect," *Wheeler*, 886 F.3d at 429, he may not proceed by § 2241. The Government's Motion to Dismiss will be GRANTED.

---

[6] The Court notes that *Latson*, 2013 WL 4400110, was decided prior to *Wheeler*, and thus, the savings clause analysis set forth in *Latson* is inapplicable to the instant action.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 8) will be GRANTED. Everett's § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 11 September 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

7